1  [Counsel of Record Listed on Next Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURT OUELLETTE, | Case No. 2:14-cv-06265-SJO-VBK |
| Plaintiff, | **JOINT STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |
| v. | |
| STERICYCLE SPECIALTY WASTE SOLUTIONS, INC.; STERICYCLE, INC.; CHRIS CLARK, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Vedder Price P.C.
Attorneys at Law
Chicago

SAN_FRANCISCO/#20267.1

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Vedder Price P.C.
Steven L. Hamann (Pro Hac Vice Application pending)
shamann@vedderprice.com
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 (312) 609 7500
F:  +1 (312) 609 5005


Vedder Price (CA), LLP
Lucky Meinz, Bar No. 260632
lmeinz@vedderprice.com
Brittany A. Sachs, Bar No. 287651
bsachs@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T:  +1 (415) 749 9500
F:  +1 (415) 749 9502

Attorneys for Defendants
STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., STERICYCLE, INC.
and CHRIS CLARK

Reisner & King LLP
Adam Reisner, Bar No. 204351
adam@reisnerlaw.com
Tessa King, Bar No. 251408
tessa@reisnerlaw.com
Justin Silverman, Bar No. 292036
justin@reisnerlaw.com
14724 Ventura Blvd, Suite 1210
Sherman Oaks, CA 91403
T:  +1 (818) 981 0901
F:  +1 (818) 981 0902

Attorneys for Plaintiff
CURT OUELLETTE

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 2 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.   Accordingly, the parties hereby stipulate to and petition the Court to enter the following Joint Stipulated Confidentiality Agreement and Protective Order ("Order").   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The parties further acknowledge, as set forth in Section 10.3, below, that this Order does not entitle them to file confidential information under seal; the Court determines whether a document can be filed under seal.   Local Civil Rules 5-4 and 79-5 of the United States District Court, Central District of California and Judge Otero's Standing Order sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party:</u>   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items:</u>   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier):</u>   Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party:</u>  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 3 -

SAN_FRANCISCO/#20267.1

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

2.5     <u>Disclosure or Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert:</u>  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>House Counsel:</u>  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity named as a Party to this action.

2.9     <u>Outside Counsel of Record:</u>  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party:</u>  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party:</u>  a Party or Non-Party that produces Disclosures or Discovery Material in this action.

2.12    <u>Professional Vendors:</u>   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 4 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

2.14 <u>Receiving Party:</u>   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 5 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 6 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or not party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days, following receipt of the transcript, to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."   If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 7 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2    Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

     6.3    Judicial Intervention.   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 8 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

Designating Party may file and serve a motion under applicable Federal or local rule that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 9 -

SAN_FRANCISCO/#20267.1

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)   mediators or neutrals for purposes of settlement; and

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

///
///
///
///
///
///

Vedder Price P.C.
Attorneys at Law
Chicago

- 10 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED    PRODUCED
      IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must:

(a)    promptly notify in writing the Designating Party.    Such notification shall include a copy of the subpoena or Court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 11 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

1  request such person or persons to execute the "Acknowledgment and Agreement to

2  Be Bound" that is attached hereto as Exhibit A.

3  10.   MISCELLANEOUS

4       10.1   Right to Further Relief.  Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6       10.2   Right to Assert Other Objections.  By stipulating to the entry of this

7  Order no Party waives any right it otherwise would have to object to disclosing or

8  producing any information or item on any ground not addressed in this Order.

9  Similarly, no Party waives any right to object on any ground to use in evidence of

10  any of the material covered by this Order.

11       10.3   Filing Protected Material. Without written permission from the

12  Designating Party or a Court order secured after appropriate notice to all interested

13  persons, a Party may not file in the public record in this action any Protected

14  Material.  A Party that seeks to file under seal any Protected Material must comply

15  with Civil Local Rules 5-4, 79-5 and Judge Otero's Standing Order.   Protected

16  Material may only be filed under seal pursuant to a Court order authorizing the

17  sealing of the specific Protected Material at issue.  Nothing in this Order attempts to

18  authorize the filing of materials under seal absent an independent showing of good

19  cause or compelling reasons.   If a Receiving Party's request to file Protected

20  Material under seal is denied by the Court, then the Receiving Party may file the

21  information in the public record unless otherwise instructed by the Court.

22  11.   FINAL DISPOSITION

23       Unless otherwise ordered or agreed in writing by the Producing Party,

24  within 3 years after the final disposition of this action, as defined in Section 4, each

25  Receiving Party must return all Protected Material to the Producing Party or destroy

26  such material.  As used in this subdivision, "all Protected Material" includes all

27  copies, abstracts, compilations, summaries, and any other format reproducing or

28  capturing any of the Protected Material.  Whether the Protected Material is returned

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

SAN_FRANCISCO/#20267.1

- 12 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 3 year deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 13 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  Dated:        April ___, 2015            VEDDER PRICE P.C.

4

5                                          By:_____

6                                             Steven L. Hamann

7                                             Attorneys for Defendants
                                              STERICYCLE SPECIALTY
8                                             WASTE SOLUTIONS, INC.;
                                              STERICYCLE; INC; and CHRIS
9                                             CLARK

10

11

12  Dated:        April ___, 2015            REISNER & KING LLP

13

14                                         By:_____

15                                            Adam Reisner
                                              Tessa King
16                                            Justin Silverman

17
                                              Attorneys for Plaintiff
18                                            CURT OUELLETTE

19

20  PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22  Dated:  April 16, 2015              _____/s/_____

23                                            The Hon. Victor B. Kenton

24

25

26

27

28

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

- 14 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

SAN_FRANCISCO/#20267.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY JOINT

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE

ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Joint Stipulated Confidentiality

Agreement and Protective Order that was issued by the United States District Court

for the Central District of California in the case of *Curt Ouellette v. Stericycle*

*Specialty Waste Solutions, Inc.; Stericycle, Inc..; Chris Clark, an individual; and*

*DOES 1 through 100, inclusive*, Case No. 2:14-cv-06265-SJO-VBK.  I agree to

comply with and to be bound by all the terms of this Joint Stipulated

Confidentiality Agreement and Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Joint Stipulated Confidentiality Agreement and Protective Order, even if such

enforcement proceedings occur after termination of this action.

///

///

///

///

///

///

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

SAN_FRANCISCO/#20267.1

- 15 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK

1    I hereby appoint _____ [print or type full name] of

2  _____ [print or type full address and

3  telephone number] as my California agent for service of process in connection with

4  this action or any proceedings related to enforcement of this Stipulated Protective

5  Order.

6

7  Date: _____

8

9  City and State where sworn and signed: _____

10

11  Printed name: _____

12

13  Signature: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

SAN_FRANCISCO/#20267.1

- 16 -

CONFIDENTIALITY AGREEMENT &
[PROPOSED] PROTECTIVE ORDER
2:14-CV-06265-SJO-VBK